UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

PROPEX OPERATING COMPANY, LLC, )
)
    *Plaintiff*, )
) Case No.: 1:10-cv-262
v. )
) Judge Mattice
WESTERN EXCELSIOR CORPORATION, )
)
    *Defendant*. )

## MEMORANDUM AND ORDER

On January 24, 2011, Defendant filed its Emergency Motion and Memorandum to Postpone the Preliminary Injunction Hearing to Allow Excelsior to Take Discovery Regarding New Evidence That Propex Contends It Will Proffer at the Preliminary Injunction Hearing [Court Doc. 50] ("Emergency Mot."). Plaintiff filed its Brief in Opposition to the Emergency Motion [Court Doc. 58] ("Response") on January 25, 2011, and Defendant filed its Reply Memorandum on the Emergency Motion [Court Doc. 59] ("Reply"), on January 26, 2011. Plaintiff filed a Motion for Leave to File Supplemental Brief In Opposition to Defendant's Emergency Motion and Memorandum to Postpone the Preliminary Injunction Hearing [Court Doc. 66]. Although this Court traditionally does not find surreply briefs to be useful or appropriate, given the emergency circumstances of this motion, Defendant's motion for leave to file a surreply [Court Doc. 66] is hereby **GRANTED**, and the Court will consider the arguments made in that surreply [Court Doc. 69] in considering the Emergency Motion as a whole.

In the Emergency Motion, Defendant argues that

> Propex's first set of theories and evidence (presented in its PI Moving Papers) were the focus of discovery between the parties during the last three months, and Propex's second (current) set of arguments and evidence represent a material change in its theories (both legal, e.g., claim construction, and factual) and involves introduction of new evidence. Indeed, the changes to Propex's positions and evidence essentially amount to re-setting the preliminary injunction process. Such changes at this late date, post-discovery and on the eve of the hearing, is prejudicial to Excelsior and contrary to the content and spirit of the Federal Rules of Civil Procedure.

(Emergency Mot., 1.) Defendant then outlines the changes in the positions–particularly on the process used to create the relevant products and their relative thickness–and discusses the new evidence used to support these changes, specifically the declaration of its expert witness, Dr. Tuhar Ghosh [Court Doc. 45-3, Ghosh Decl.], and the second declaration of Derek Bass, Propex's Corporate Manager of Research and Development [Court Doc. 45-2, Bass 2nd Decl.]. Among other allegations, Defendant claims that the parties engaged in discovery throughout November and December, with Defendant deposing Plaintiff's witnesses on December 14-16, 2010, and with Plaintiff's witnesses expressing views consistent with the allegations in the Preliminary Injunction motion as to key points, including the process by which the materials at issue are produced and the thickness of those materials. (Emergency Mot. at 4.) Defendant alleges that these changes in Plaintiff's position and the new evidence to support those changers were not disclosed until Plaintiff filed its responses to Defendants' motions for Summary Judgment [Court Docs. 45 & 46] on January 20, 2011. Therefore, Defendant argues, it was surprised by these new positions and has not had a sufficient opportunity to take discovery, either on these positions or on Plaintiff's new evidence forming the bases for its current arguments

on the preliminary injunction issue. Therefore, Defendant argues, it needs additional time to depose the new witness and seek discovery on the new claims.

Plaintiff responds that (1) it was Defendant's delay in executing a protective order that caused Plaintiff to be unable to reveal these positions and their factual bases until January 20, 2011; (2) it offered Defendant the opportunity to conduct the requested discovery, which offer Defendant unreasonably rejected; (3) preliminary injunctions can issue on short notice without discovery anyway, so additional discovery is not warranted here; and (4) Plaintiff will be prejudiced by the delay because the infringement is ongoing and Plaintiff's witnesses will be inconvenienced. (Pl.'s Respon. at 8, 5, 4, & 10, respectively.) Defendant's reply and Plaintiff's surreply further detail their respective claims and either respond to or add allegations relating to the other party's conduct during this limited period of discovery.

In considering a motion for a preliminary injunction in a patent case, the Court must balance:

> (1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3) whether issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of the injunction.

*Tumblebus Inc. v. Cranmer*, 399 F.3d 754, 760 (6th Cir. 2005) (internal citations omitted). Because, unlike some other types of cases, deciding the likelihood of success on the merits in a patent case can require analysis of almost all of the substantive issues that will be presented at trial, this Court, as courts often do, "authorized [the parties] to conduct limited discovery pertaining to the issues presented by the instant motion." [Court Doc. 16,

Nov. 1, 2010 Order.]

In its Motion for a Preliminary Injunction, Plaintiff relied heavily for its patent infringement allegations on the Declaration of its Corporate Manager of Research and Development, Derek Bass. *See, e.g.*, (Court Doc. 10, Def.'s Mem. in Supp. of its Mot. for Preliminary Injunction, 18-20) ("Def.'s PI Mem.") In his declaration, he refers repeatedly to his belief that the Western Excelsior product is formed using "substantially the same method" as the Propex product:

> To any extent that the words of Claim 1 of the '087 patent do not literally and exactly describe PP5-XTREME and its use by customers of Western Excelsior, any deviation is negligible, and the method performed is substantially the same method, using substantially the same steps, reaching substantially the same results.

(Court Doc. 10-3, Bass Decl. ¶ 25). *See generally*, (Bass. Decl. ¶¶23-26.) He then describes that method in detail as:

> The steps are the same or substantially the same because the fabric is formed using woven monofilaments in the same pattern, applying heat to trigger the shrinkage in the yarns to create the high loft described here. There is no difference in the process or applicable appearance.

*Id.*

As both parties have now conceded, Defendant does not use the weaving-then-heating process. (Emergency Mot. at 9-10; Def.'s Reply at 3.) Although Plaintiff argues that the changes in the process do not affect its motion for preliminary injunction because it either (1) falls within a new construction of the claim or (2) infringes the claim via equivalents, it is clear from the face of the patent itself, let alone the parties' disagreement on the issue, that the role of heating in the process is a significant factual issue. (Pl.'s

Reply at 4-5; Court Doc. 10-1 '087 Patent.) Because Plaintiff's position about the role of heat in the process, and Mr. Bass's testimony relating to that position, have changed substantially; because the new test results upon which Mr. Bass relied were not disclosed to Defendant until after they had scheduled and taken his deposition; and because Plaintiff relies on those new test results in its Reply Brief relating to the Motion for a Preliminary Injunction [Court Doc. 71, at 4-5.] ("Pl.'s PI Reply Br."), the Court finds that Defendant needs additional time to conduct discovery and a chance to re-depose Mr. Bass on, at a minimum, this issue.

Further, Plaintiff's Preliminary Injunction Reply Brief relies heavily on the testimony of Dr. Ghosh to rebut Plaintiff's trade dress arguments regarding functionality, among other things. *See, e.g.,* (Pl.'s PI Reply Br. at 8-9) ("More importantly, the appearance is not a by-product of the manufacturing process. Rather, nearly any appearance can be manufactured. The evidence thereon is overwhelmingly in favor of Propex. See generally, Court Doc. 45, Exhibit B.") Although Defendant was aware at least as early as December 31, 2010, that Plaintiff contemplated using Dr. Ghosh as an expert, Plaintiff refused to provide an expert report and did not notify Plaintiff of that refusal until January 18, 2010. (Court Doc. 66-5, Surreply Ex. D.)

As Plaintiff did not make any of the detailed arguments–later supported by the testimony of Dr. Ghosh–regarding functionality in the trade dress section of its original motion and because functionality is an argument on which it carries the burden and thus it could reasonably expect to have to provide testimony on this basis, the original notice to Defendant of its claims regarding functionality is insufficient. Further, it appears as though Dr. Ghosh's testimony will be essential on this functionality point, and thus Defendant

should have an opportunity to depose him. The only dates Plaintiff offered for his deposition were January 29, 2011 or February 1, 2011, both of which dates are unreasonable for a hearing slated to begin on February 3, 2011, given not only that Defendant's reply brief would already have been due, but also, even if Defendant could have properly argued the issue at the hearing, Defendant would have had little time to find a rebuttal witness and properly analyze his opinions. Further, Defendant's inability to respond on the record would have left the Court unable to prepare for Defendant's arguments related to Dr. Ghosh's testimony or the benefit of advance notice of Defendant's rebuttal evidence.

The bases for asserting its right to a preliminary injunction, and in fact the precise behavior to be enjoined, have evolved considerably over the course of discovery, which was originally limited to the contentions in the motion for a preliminary injunction. At a minimum, Plaintiff has removed one of the two patents from consideration (the '399 patent), two significant areas of claim construction are deeply disputed and insufficiently developed through discovery, and there exist witnesses whose testimony Defendant has not had an opportunity adequately to consider or for which to prepare.

Accordingly, Defendant's Emergency Motion and Memorandum to Postpone the Preliminary Injunction Hearing to Allow Excelsior to Take Discovery Regarding New Evidence That Propex Contends It Will Proffer at the Preliminary Injunction Hearing [Court Doc. 50] is hereby **GRANTED**. The hearing on the Motion for a Preliminary Injunction And for an Expedited Hearing Thereon [Court Doc. 9] is hereby **CANCELLED**, but the parties are **ORDERED** to appear on February 3, 2011 at 10:00 a.m. EST, for a scheduling

conference.

Prior to the scheduling conference, the Court will provide the parties with a separate list of the issues the parties should be prepared to discuss on that date.

**SO ORDERED** this 28th day of January, 2011.

                                                                 */s/Harry S. Mattice, Jr.*
                                                                 HARRY S. MATTICE, JR.
                                                          UNITED STATES DISTRICT JUDGE